UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) ) | Civil Action No. 08-cv-271 |
| v. | ) ) ) | |
| JERRY'S TOBACCO & BOOK SHOP d/b/a PAGES & PIPES, | ) ) ) | **COMPLAINT** (Jury Trial Demand) |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practice on the basis of disability and to provide appropriate relief to Thomas Pompa, who was adversely affected by such practice.

As alleged with greater particularity in Paragraph 8 below, the Equal Employment Opportunity Commission alleges that the defendant violated the ADA when it terminated Thomas Pompa, a qualified individual with a disability on or about July 11, 2006, after learning that he had no peripheral vision and was legally blind because of retinitis pigmentosa.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Wisconsin.

## PARTIES

3. The plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, the defendant, Jerry's Tobacco & Book Shop d/b/a Pages & Pipes ("Pages & Pipes"), has continuously been a Wisconsin corporation doing business in the State of Wisconsin, and has had at least 15 employees during the relevant period.

5. At all relevant times, Pages & Pipes has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Pages & Pipes has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Thomas Pompa, a qualified individual with a disability, filed a charge with the EEOC alleging violations of Title I of the ADA by Pages & Pipes. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     Since at least July 2006, Pages & Pipes has engaged in an unlawful employment practice in violation of Section 102(a) and (b) of the ADA, 42 U.S.C. § 12112(a) and (b), when it terminated Thomas Pompa from his job as a bookseller after learning that he had no peripheral vision and was legally blind because of retinitis pigmentosa.

9.     The effect of the practice complained of in Paragraph 8 above has been to deprive Thomas Pompa of equal employment opportunities because of disability.

10.    The unlawful employment practice complained of in Paragraph 8 above was intentional.

11.    The unlawful employment practice complained of in Paragraph 10 above was done with malice or with reckless indifference to Thomas Pompa's federally-protected rights.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Pages & Pipes and its officers, successors, and assigns, and all persons in active concert or participation with them, from terminating individuals such as Thomas Pompa from positions for which they are qualified because of disability;

B.     Order Pages & Pipes to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, and that eradicate the effects of its past and present unlawful employment practices.

C.     Order Pages & Pipes to make Thomas Pompa whole by providing appropriate backpay, pre-judgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practice, including but not limited to, rightful place reinstatement.

    D.    Order Pages & Pipes to make Thomas Pompa whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practice complained of in Paragraph 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation.

    F.    Order Pages & Pipes to pay Thomas Pompa punitive damages for its malicious and reckless conduct, as described in Paragraph 8 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

JOHN C. HENDRICKSON
Regional Attorney

/s/ Jean P. Kamp
Jean P. Kamp
Associate Regional Attorney

/s/ Robert F. Tomlinson
Robert F. Tomlinson
State Bar No. 1023314
Senior Trial Attorney

5

        EQUAL EMPLOYMENT OPPORTUNITY
            COMMISSION
Milwaukee District Office
310 West Wisconsin Avenue - Suite 800
Milwaukee, WI   53203-2292
(414) 297-3465

Case: 3:08-cv-00271-slc   Document #: 1   Filed: 05/09/08   Page 5 of 5